IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

UNITED STATES OF AMERICA,

              OPINION AND ORDER

        Plaintiff,

              09-cv-234-bbc
              05-cr-1-jcs

    v.

ROBERT LEE McNEAL,

        Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      Defendant Robert Lee McNeal has filed a post conviction motion under 28 U.S.C. § 2255, contending that his sentence was illegal and should be set aside. He believes that he has grounds for challenging his original sentence for escape from a prison camp now that the Supreme Court has held that not all crimes of escape are crimes of violence. The government disagrees, on two grounds. First, because defendant's motion is untimely and second, because he has failed to show cause for failing to take a direct appeal of his sentence when he had two opportunities to do so.

      The government is correct. The Supreme Court has never held that an escape from a locked facility, such as a prison camp, is not to be treated as a crime of violence for

1

sentencing purposes. That means that defendant's motion is untimely under 28 U.S.C. § 2255.

BACKGROUND

Defendant escaped from the federal prison camp at the Oxford Correctional Institution about 5:30 p.m. on December 18, 2004 and left the area with a friend, who had been waiting with a car. He was arrested two days later and charged with escape. He entered a plea of guilty to the charge; on May 4, 2005, he was sentenced by the Honorable John C. Shabaz on May 4, 2005 to a term of imprisonment of 40 months. Judge Shabaz sentenced defendant as a career offender because he was over 18, his crime of escape from a federal prison was a crime of violence and he had three previous felony controlled substance convictions. (Defendant does not explain why he is still in custody more than 40 months after his initial sentencing. Presumably, he is serving out the term he was serving when he escaped.)

The case was remanded thereafter to allow Judge Shabaz to clarify the number of urine tests to which defendant would be subject while on supervision. The re-sentencing took place on February 23, 2006. Defendant did not appeal from the re-sentencing, so his conviction became final on March 23, 2006. This was ten days after entry of the amended order of judgment and commitment order, when the intermediate weekends are excluded.

2

Fed. R. App. P. 6(b)(2).

In 2005, it was the law in this circuit that any form of escape or failure to report for service of a sentence was to be treated as a crime of violence in determining whether a person was to be treated as a career offender under the sentencing guidelines. E.g., United States v. Golden, 466 F.3d 612 (7th Cir. 2002) (treating felony failure to report to jail as violent felony under Armed Career Criminal Act, 18 U.S.C. § 924(e)); United States v. Bryant, 310 F.3d 550, 552 (7th Cir. 2002) (treating failure to report back to halfway house after work as violent felony for determining career offender status under sentencing guidelines). Almost four years after defendant was first sentenced, the Supreme Court held in Chambers v. United States, 129 S. Ct. 687 (2009), that a failure to report to serve weekend confinement should not be considered a crime of violence for purposes of the Armed Career Criminal Act because such a crime does not "involve conduct that presents a serious potential risk of physical injury to another." 18 U.S.C. § 924(e)(2)(B).

## OPINION

Defendant's motion raises a number of questions, the first of which is whether it is timely. The statute governing federal post conviction proceedings, 28 U.S.C. § 2255, sets a one-year limitation period for the filing of post conviction motions. Under subsection (f) of the statute,

3

[t]he limitation period shall run from the latest of--

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

In implicit acknowledgment that his post conviction motion is untimely by at least two years under subsection (1), defendant relies on subsection (3). He characterizes the Supreme Court's decision in Chambers, 129 S. Ct. 687, as a "newly recognized right" that applies to him. He is wrong. Nothing in Chambers suggests that a person such as defendant, who has been charged with escape from a locked facility, should not be treated as having committed a crime of violence. Chambers involved a prior conviction in an Illinois court for failure to report. The Illinois statute that Chambers had violated covered a variety of forms of "escape," ranging from escape from a locked facility to failure to return from work release or failure to report for service of a sentence. The Supreme Court culled from the Illinois escape statute all crimes involving a failure to report and categorized them as different and separate from crimes involving escape from custody. Id. at 691. Specifically,

4

the Court found that failure to report "does not involve conduct that presents a serious potential risk of physical injury to another." Id. The Court made no similar finding with respect to crimes of escape from prison. Furthermore, the Court's approach in Chambers suggests that if it were called upon in the future to address the treatment of actual escapes from locked facilities, it would categorize such offenses as crimes of violence. But it is not necessary to dwell on that possibility. The fact is that the Supreme Court has never determined whether escape from locked facilities are or are not to be treated as crimes of violence under either the Armed Career Criminal Act or the sentencing guidelines. Thus, Chambers offers no support for defendant's argument that the Supreme Court has changed the law as it relates to his particular crime of escape from a prison camp.

(Chambers's case differed in another respect from defendant's because the court was examining language in the Armed Career Criminal Act, 18 U.S.C. § 924(e), and not the language in the sentencing guidelines relating to career offender status. That difference is of little significance, however, because the wording in § 4B1.2 of the sentencing guidelines is the same as that in § 924(e). United States v. Templeton, 643 F.3d 378, 380 (7th Cir. 2008).).

Even if Chambers did support his position, defendant would face another obstacle. He would have to show that the Court's holding was the recognition of a "right" that warrants retroactive application to cases that had become final on direct appeal before his

5

case was decided. He would be unable to make such a showing. In <u>Chambers</u>, the Court was merely deciding the definition of a crime of violence as a sentence enhancer; it was not identifying "a new rule of criminal procedure that falls within the set of legal changes" to which the standard set out in <u>Teague v. Lane</u>, 489 U.S. 288 (1989) would apply, let alone identifying rights that are "so fundamental that any system of ordered liberty is obliged to include them." <u>Curtis v. United States</u>, 294 F.3d 841, 843 (7th Cir. 2002).

2. <u>Failure to appeal</u>

Defendant's motion fails for another reason as well: he never took an appeal from his sentence. Because a motion for post conviction relief is not intended to serve as a substitute for a direct appeal, a defendant may not bring a post conviction motion if he has not taken an appeal of his sentence, unless the issue he wishes to appeal is one that could not have been raised on direct appeal, such as alleged ineffectiveness of counsel, or he can show cause and prejudice for his failure to appeal. <u>Prewitt v. United States</u>, 83 F.3d 932, 935 (7th Cir. 1996) ("An issue not raised on direct appeal is barred from collateral review absent a showing of both good cause for the failure to raise the claims on direct appeal and actual prejudice from the failure to raise those claims, or if a refusal to consider the issue would lead to a fundamental miscarriage of justice.") (citing <u>Reed v. Farley</u>, 512 U.S. 339, 354 (1994)); <u>see also</u> <u>Galbraith v. United States</u>, 313 F.3d 1001, 1006 (7th Cir. 2002).

6

Defendant has not suggested any reason why he could not have appealed his sentence to challenge the sentencing court's decision to treat his crime as one of violence. Although the law in this circuit was against him, appealing would have preserved his right of appeal. The point is academic, however, because defendant could not succeed on his present claim even if he had preserved his appeal rights.

ORDER

IT IS ORDERED that defendant Robert Lee McNeal's motion for post conviction relief is DISMISSED as untimely.

Entered this 18th day of June, 2009.

BY THE COURT:

/s/

_____
BARBARA B. CRABB
District Judge